UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP SEALS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1983** |
| **SHELL OIL COMPANY** | **SECTION: "G" (4)** |

## ORDER

Before the Court is an **Ex Parte Motion for Expedited Hearing (R. Doc. 7)**, filed by non-party Danos & Curole Marine Contractors, L.L.C. ("Danos & Curole") seeking expedited consideration of its **Motion to Quash Deposition and Subpoena Duces Tecum (R. Doc. 6)**. The motion is unopposed.

In support of its motion to expedite, Danos & Curole contends that Plaintiff Phillip Seals ("Seals") issued a Notice of Deposition and *subpoena duces tecum* for a deposition on August 20, 2012. It argues that the Notice of Deposition and *subpoena duces tecum* are improper because none of the Defendants have entered an appearance in the case, and because the parties have not engaged in a Federal Rule of Civil Procedure 26(f) conference.

Danos & Curole fail to state which party or parties received the Notice of Deposition and *subpoena duces tecum*, nor does it state the name of the person or persons Seals seeks to depose. Danos & Curole also failed to attach the Notice of Deposition and *subpoena duces tecum to its*

*motion*.[1] However, considering the rapidly approaching deposition date, and the fact that the Court's next available hearing date is not until August 22, 2012, Danos & Curole 's Ex Parte Motion for Expedited Hearing (R. Doc. 7) is granted.

Under the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ." Fed.R.Civ.P. 26(d)(1). Here, Danos & Curole contends Rule 26 conference has not been held in this matter. This representation is supported by the absence of a Scheduling Order in the record, or any other indication that the parties have conferred as required by the Rules. This representation is also supported by fact that the Defendants have yet to file an Answer. Thus, the Court finds that Seals' Notice of Deposition and *subpoena duces tecum* were prematurely issued.

Accordingly,

**IT IS ORDERED** that Danos & Curole Marine Contractors, L.L.C.'s **Ex Parte Motion for Expedited Hearing (R. Doc. 7)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Danos & Curole Marine Contractors, L.L.C.'s **Motion to Quash Deposition and Subpoena Duces Tecum (R. Doc. 6)** is **GRANTED**.

New Orleans, Louisiana, this 17th day of August 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The parties are reminded that the Local Rules of the U.S. District Court for the Eastern District of Louisiana provide, "[i]f the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion. L.R. 7.4. Here, Danos & Curole failed to attach the Notice of Deposition and *subpoena duces tecum* to its motion. The parties are to be mindful of this Court's requirements, and the impact of their failure to adhere to them in the future.