UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP SEALS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1983** |
| **SHELL OIL COMPANY, ET AL.** | **SECTION: "G" (4)** |

## ORDER

Before the Court is third party, Danos & Curole Marine Contractors, L.L.C.'s, ("Danos") **Motion to Quash or Modify Deposition and Subpoena Duces Tecum (R. Doc. 20)**, seeking an Order from this Court quashing a subpoena duces tecum propounded by Plaintiff, Philip Seals, ("Seals"). The motion is opposed (R. Doc. 24). The motion was heard by oral argument on March 20, 2013.

**I.**   **Background**

Seals has brought this personal injury claim under both the general maritime law of the United States, as well as the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(b). (R. Doc. 1). Seals alleges that on December 23, 2010, he was working on a crane on Shell's offshore drilling platform, PERDIDO, which was within the scope of his employment with Danos. (R. Doc. 1, p. 3).[1]

---

[1] Seals has not sued Danos in the instant matter.

Seals alleges that although Danos assigned him to work as a crane mechanic, once on the PERDIDO he was instructed to work as a platform mechanic - a position for which he had no experience. *Id.* at 3. Seals alleges that he was ordered to climb into a "life capsule" suspended over the Gulf of Mexico, at which time he was instructed to unhook a "safety line." *Id.* at 3-4. During the process of unhooking the line he fell, sustaining personal injuries. *Id.* at 4.

Seals has argued that Shell and another defendant, Kiewit Offshore Services, Ltd., ("Kiewit") based on Shell's negligent acts and omissions, including the defective design of the PERDIDO. *Id.* at 5. Seals has brought claims against both Kiewit and Shell for past and future compensatory damages, attorney's fees, interests and costs. *Id.* at 6.

On February 18, 2013, Danos argues that Seals propounded a subpoena on it, with a return date of March 11, 2013. (R. Doc. 20-2, p. 1).[2] Danos moves, in the instant motion, to quash or modify that subpoena. The motion is opposed.

## II.     **Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and

---

[2]Although Seals states in his brief that the subpoena was filed on February 18, 2012, this appears to be a typographical error. (R. Doc. 24, p. 4).

2

necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  *Id.* At 45(c)(1).  A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . .(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Rule 45(c)(3)(A).  A court may, in lieu of the above, "order appearance or production under specified conditions if the serving party (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the

subpoenaed person will be reasonably compensated." *Id.* at 45(c)(3)(C).[3]

### III.     Analysis

#### A.     Merits of Motion

In support of its motion, Danos argues that the documents requested contain "privileged and/or protected information," and that the requests are overly broad and unduly burdensome. (R. Doc. 20-1, pp. 1-2). Specifically, Danos argues that Requests Nos. 2, 4, 5, and 6 contain privileged or protected information arising in connection with Danos' "work in the offshore oil industry including, but not limited to, procurements, rates of hire, rates of pay and/or trade secrets which could adversely affect Danos . . . if made public; therefore, they are subject to protection by the court." *Id.* at 2. Danos also argues that the requests seek "voluminous amounts of records," many of which are irrelevant to resolution of the instant dispute.

Discussion of Requests Nos. 1, 2, and 3 is irrelevant because at oral argument, the parties represented that they had been produced by Danos to Seals' satisfaction. Therefore, the Court found that the motion was moot in this respect.

As to Request Nos. 4, 5, and 6, the parties conferred off the record and subsequently represented to the Court that they had reached an agreement regarding production of the requested discovery, subject to entry of a general Protective Order. As such, the parties agreed that all discovery issues arising in the instant motion had been disposed of, and the motion was now moot. The Court issued a ruling from the bench to that effect, and herein converts that ruling into a written

---

[3]Although under Rule 26(c) "a party or any person" may also move for a protective order from the Court, in this case Danos has not moved specifically for a protective order.

one.

Finally, the Court notes that at oral argument and prior to the parties' conference, Danos re-urged its assertions of "privilege" as they pertained to Request No. 4. The Court at that time noted that although neither party had produced Danos' privilege log for the Court's inspection, to the degree Danos sought to assert privilege over "proprietary" information between itself and Shell, these privilege assertions were overruled, as such assertions of privilege could only properly apply to assertions of the attorney-client privilege and the work-product doctrine and Danos did not state that either applied to the information it sought to protect, as there was no involvement of counsel and the documents were actually business records.

### B. Attorney's Fees

In opposition, Seals requests not only that the Court deny Danos' motion, but that it award Seals the reasonable attorney's fees which he has incurred in attempting to enforce the subpoena. (R. Doc. 7-8). In so doing, Seals argues that Rule 37(a)(C)(5)(A) mandates an award of attorney's fees "if the Court directs Danos to provide the documents plaintiff subpoenaed." (R. Doc. 24, pp. 7-8). Seals does not cite any case law in support of this position, but argues that "Danos' mantra-like recitation of clearly inapplicable objections like the attorney-client privilege regarding plaintiff's personnel file and work invoices bring Danos' motion to quash squarely within the ambit of Rule 37's sanctions." (R. Doc. 24, p. 8).

The Court finds that there is nothing in the plain language of Rule 45 or Rule 37 that would subject Danos to an attorney's fees motion for its failure to comply with the subpoena. Thus, awarding attorney's fees to Seals would not be appropriate.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendants, Danos & Curole Marine Contractors, L.L.C.'s, ("Danos") **Motion to Quash or Modify Deposition and Subpoena Duces Tecum (R. Doc. 20)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 22nd day of March 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**