UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP SEALS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1983** |
| **SHELL OIL COMPANY, et al.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

After a status conference with the parties on August 28, 2013, the Court ordered Defendant Shell Offshore, Inc. and Plaintiff Phillip Seals to jointly submit to the Court a proposed protective order, presumably incorporating the revisions to the last proposed order, ordered by Magistrate Judge Roby in a May 15, 2013 hearing before her.[1] The Court further ordered the parties to reference the provisions of the proposal that incorporated the concerns that Magistrate Judge Roby aired in that hearing held on May 15, 2013.[2] Finally, the Court's August 28, 2013 order instructed that if Plaintiff disagreed with the modification of a provision alleged to be consistent with the magistrate judges's order, it must provide proposed language and cite the transcript in support of its objections.[3] The parties complied, e-mailing the Court a draft order reflecting Magistrate Judge Roby's concerns and Plaintiff's objections.

For the reasons discussed below, the proposed order submitted by Defendant aligns with the instructions given by Magistrate Judge Roby during the May 15, 2013 hearing and the Court finds the magistrate judge's recommendations appropriate and not unreasonable. Plaintiff's concerns appear to arise from a misunderstanding the difference between designating an item confidential and

---

[1] Rec. Doc. 179.

[2] *Id.*

[3] *Id.*

filing a document into the record under seal, and so they are largely without merit. Further, Plaintiff makes additional revisions not considered by the magistrate judge, and they are therefore untimely and inappropriately raised here. What follows is a paragraph-by-paragraph discussion of whether the draft provided to the Court on Friday, August 30, 2013, incorporates Magistrate Judge Roby's concerns, whether Plaintiff's recommended revisions align with what she instructed or otherwise have merit, and whether this Court adopts a recommendation or agrees with an objection made to the recommendation. The numbering tracks that of the paragraphs listed in the document e-mailed to the Court.

**1. "Confidential Information."** Plaintiff makes no particular argument for or against the language in this paragraph. It is the same as the prior proposal. Magistrate Judge Roby had no concerns over the particular paragraph; nor does this Court, and so this paragraph is adopted as written.

**2. "Qualified Person."** Magistrate Judge Roby expressed no reservations about this provision. Plaintiff's arguments generally are based on his belief that the provision is "unnecessarily complex and complicated" and that the provision rests on an assumption that the parties may self-designate what information is confidential. As discussed above, Plaintiff misinterprets the magistrate judge's recommendation. The Court adopts this provision as written.

**3. "Designation as Confidential."** The proposed protective order submitted on Friday, August 30, 2013, reflects the concerns Magistrate Judge Roby raised on May 15, 2013. Plaintiff argues otherwise, but his objection is based on his confusion regarding what is deemed confidential versus an item filed under seal, and is therefore overruled.

The proposed protective order that was at issue on May 15, 2013, included two provisions that discussed "categories" of confidential information.[4] Both Paragraph 2 and Paragraph 4 involved information designated as either "CONFIDENTIAL: ACCESS RESTRICTED BY COURT ORDER" or "CONFIDENTIAL: ACCESS RESTRICTED BY COURT ORDER TO COUNSEL AND INDEPENDENT EXPERTS ONLY."[5]

At the May 15, 2013, hearing, Magistrate Judge Roby began by expressing concern over "some overbroad language" in Paragraph 2 of that particular document–which corresponds to Paragraph 3 of the new proposal. At the hearing, counsel for Danos & Curole[6] indicated that the language reflected her client's desire for "a further designation for particularly sensitive information."[7] After brief discussion with counsel, Magistrate Judge Roby stated: "So we are going to delete the reference to the *super confidential categories*, one of which refers to the expert and the other then kind of suggests in my own judgment kind of phrase."[8] It is evident from the transcript that Magistrate Judge Roby was not concerned about the protective order granting the parties the authority to declare information confidential when the information falls under Rule 26–and in particular Rule 26(c)(1)(G) regarding "a trade secret or other confidential research, development,

---

[4] *See* Rec. Doc. 48-2 at ¶¶ 2, 4.

[5] *Id.*

[6] The lawyer, Christy Johnson, now represents Shell Offshore.

[7] Tr. of May 15, 2013, Hearing before Magistrate Judge Roby ("Transcript") at p. 5:17-18.

[8] *Id.* at p. 6:22-25 (emphasis added).

3

or commercial information."[9] Specifically, she stated: "[W]hat I would suggest is that the particular wording from Rule 26 be incorporated within paragraph 4 so that the limitation is absolutely clear."[10]

The proposed protective order submitted to the Court on August 30, 2013, follows Magistrate Judge Roby's recommendation. First, Paragraph 1 states that "'Confidential Information' means information that has been designated as confidential in accordance with this Order."[11] Second, the proposal has eliminated the second "super confidential" designation as Magistrate Judge Roby instructed.[12] Third, the proposed order states that "*[i]n accordance with Rule 26(c)(1)(G)*, documents may be designated as 'CONFIDENTIAL' . . . only when the information is a trade secret or is other confidential research, development, or commercial information not to be revealed or be revealed only in a special way."[13] Further, the proposed protective order–both then and now–provides for a process by which a party may challenge the classification of information as confidential.[14] That process presupposes that the parties, and not the court, initially determine the confidentiality of particular information within the confines of Rule 26(c)(1)(G). Accordingly, the proposed order appropriately addresses Magistrate Judge Roby's concerns and is therefore adopted by the Court.

**3. "Depositions."** Plaintiff here notes the typographical error listing this as paragraph 3. More substantively, he raises an argument similar to the one above. In particular, Plaintiff argues that Magistrate Judge Roby "ruled that the designation of information during a deposition" by

---

[9] *Id.* at p. 6:9-13.

[10] *Id.*

[11] *See* Draft Proposed Order August 30, 2013, at ¶ 1.

[12] *Id.* at ¶ 3.

[13] *Id.* (emphasis added).

[14] *See* Draft Proposed Order at ¶ 10.

Defendants "is also outside the ambit of Rule 26." Plaintiff accordingly proposes language that would require any party seeking to claim that any information developed in a deposition "is supposedly of a confidential nature," to contact the magistrate judge and if the parties cannot immediately reach the magistrate judge, the party requesting the matter be designated confidential must certify the issue to the Court.[15]

Plaintiffs again appear to misunderstand Magistrate Judge Roby's comments. Specifically, she expressed concern that parties at a deposition may seek to classify as confidential information outside the scope of Rule 26.[16] She therefore decided that "[w]e are going to limit the deposition restriction to Rule 26 as well."[17] The new proposed protective order expressly provides that a party at a deposition "may designate information, of the kind addressed in Rule 26(c)(1)(g) . . . as Confidential Information."[18] It therefore adequately addresses Magistrate Judge Roby's concerns and is therefore adopted by the Court.

**4. "No Waiver of Confidentiality."** Magistrate Judge Roby expressed no reservations about this provision in the prior proposed order. Plaintiff challenges it in the revised version only on the grounds that "it is premised on the claimed right of each party to self-designate confidential information which is not allowed by either the Federal Rules or Local Rules."[19] As discussed above, it is inappropriate of Plaintiff to raise or reurge this objection now. This provision is approved as written, and therefore the Court adopts it.

---

[15] *See* Draft Proposed Order at ¶ "3. Depositions."

[16] Transcript at p. 7:2-5.

[17] *Id.* at p. 7:8-9.

[18] Draft Proposed Order at ¶ "3. Depositions."

[19] Plaintiff's Revisions at ¶ 4.

**5. "Use and Disclosure of Confidential Information."** Magistrate Judge Roby expressed no reservations about this provision in the prior proposed order. This provision begins by stating that confidential information "will be used solely for the preparation and trial of this legal action or any other related legal action in which the Producing Party may be a party and for no other purposes whatsoever."[20] The provision continues with the following language, all of which Plaintiff seeks to delete:

> Even for this purpose, Confidential Information will not be disclosed or otherwise made available to anyone other than (a) to Qualified Persons, in accordance with this Order; (b) to the Court, including Court staff; (c) when the Producing Party consents in writing to a disclosure; and (d) when the Court, after notice to all parties and a hearing, orders or permits disclosure. Restricted Confidential Information may be disclosed only to Counsel and Independent Experts, unless the Court, after notice and hearing, orders otherwise for good cause.[21]

Plaintiff provides no explanation for his suggested revision. Accordingly, the Court overrules Plaintiff's objection to this provision and adopts this provision as written.

**8. "Production for Other Actions or Proceedings."** Magistrate Judge Roby expressed no reservations about this provision in the prior proposed order. Plaintiff challenges it in the revised version only on the grounds that "it is premised on the assumption that each party will self-designate what information will be deemed confidential."[22] This provision is adopted as written.

**9. "Public Information."** Magistrate Judge Roby expressed no reservations about this provision in the prior proposed order. Plaintiff argues that it should be "discarded as it unnecessarily

---

[20] Draft Proposed Order at ¶ 5.

[21] Draft Proposed Order at ¶ 5; Plaintiff's Revisions at ¶ 5.

[22] Plaintiff's Revisions at ¶ 4.

repeats the very purpose of a protective order."[23] He further states that the provision is "profoundly unclear and appears to be for the purpose of generating additional litigation in this case."[24] The Court hereby overrules Plainitff's objection and adopts the provision as written.

**10. "Challenges and Change of Classification."** Magistrate Judge Roby expressed no reservations about this provision in the prior proposed order. Plaintiff challenges it as improperly based on the assumption that each party will self-designate the confidentiality of information. As discussed above, he is wrong. Accordingly, the Court adopts this provision as written.

**11. "Derivative Work Product."** Magistrate Judge Roby expressed no reservations about this provision. Plaintiff argues that it should be discarded because the seven categories of people whom Defendants propose will be able to see confidential information "is itself discarded." Because the provision did not raise concerns to Magistrate Judge Roby, and because Plaintiff's objections are not based on the magistrate judge's prior ruling, this provision is adopted as written.

**12. "Court Filings."** Magistrate Judge Roby expressed concerns over this provision on May 15, 2013. In particular, she wanted to ensure that the parties understood that "counsel no longer has the right to self-designate which documents are to be sealed, that they are to be first submitted to me for review by ex parte motion along with the proposed document and a reference to the paragraph that cover the confidential nature of the document."[25] As instructed, Defendants' counsel incorporated language providing that any party seeking to file confidential information in the record "shall comply with the United States District Court Eastern District of Louisiana's Standing Order

---

[23] Plaintiff's Revisions at ¶ 9.

[24] *Id.*

[25] Transcript at p. 8:3-8.

for filing documents under seal."[26] Plaintiff suggested no revisions. The Court finds the magistrate judge's recommendation reasonable, and therefore this provision is adopted as written.

**13. "Court Proceedings; Hearings and Trials."** It is unclear from the provided draft proposal whether this provision is disputed. Magistrate Judge Roby expressed no concerns about the prior version of this provision, and therefore the prior version is adopted.

**14.** The draft provided to the Court on August 30, 2013, lacks a paragraph 14. The version before Magistrate Judge Roby on May 15, 2013, featured a 14th paragraph detailing the "Reservation of Rights."[27] Magistrate Judge Roby instructed the parties on May 15, 2013, that the provision was unnecessary.[28] The proposal takes it out; accordingly, and this Court adopts that recommendation.

**15. "Return of Confidential Information."** Magistrate Judge Roby expressed some concern over this provision. In particular, she stated that "it should say no later than 30 days after request by the producing party the receiving or discovering party must return all documents that were produced and contained confidential designation."[29] The revised proposal states: "No later than thirty days after a producing party makes a request for return of confidential information . . . <u>a Discovering Party and Qualified Person</u> must return all documents containing Confidential Information . . . ."[30]

---

[26] Proposed Protective Order at ¶ 12.

[27] Rec. Doc. 48-2 at ¶ 14.

[28] Transcript at pp. 10:11 - 11:3.

[29] Transcript at p. 9:21-24.

[30] Draft Proposed Order at ¶ 15 (emphasis added).

Plaintiff suggests revising the order to replace the above-underlined portion to read "A Person Holding Confidential Information."[31] Magistrate Judge Roby's preferred language was "the receiving or discovering party."[32] The Court adopts Magistrate Judge Roby's suggested language as it is not unreasonable.

**16. "Responsibility of Counsel of Record."** Magistrate Judge Roby expressed no concerns over a similar provision. The provision here is modified from the earlier proposal, but Plaintiff's only complaint is that the provision "is wholly unnecessary as it does nothing more than state each counsel shall keep his agreement as reflected in the final protective order."[33] The Court adopts the provision.

**17. "Responsibility of Parties and Independent Experts."** Magistrate Judge Roby expressed no concerns about this provision. Therefore, the provision is adopted.

**18. "Additional Parties."** Magistrate Judge Roby expressed no concerns about this provision, which requires that "[a]ny party who joins any additional party to this action after this Consent Protective Order is entered" must serve a copy of the protective order upon the additional party with the joinder pleading.[34] Plaintiff seeks to eliminate the subsequent sentence, which provides that "[c]onfidential information must not be disclosed to additional parties, or to person associated with additional parties who are eligible to become Qualified Persons, until the additional party has filed of record with this Court a consent to this Order and any other required Consents

---

[31] Plaintiff's Revisions at ¶ 15.

[32] Transcript at p. 9:22-23.

[33] Plaintiff's Revisions at ¶ 16.

[34] Draft Proposed Order at ¶ 18.

have been signed and served."[35] Plaintiff does not support his position with a citation to the transcript of the hearing before the magistrate judge. Accordingly, the Court adopts the provision as previously written.

**19. "Violations."** Neither Magistrate Judge Roby nor Plaintiff expressed concerns about this provision, and therefore it is adopted.

**20. "Modification and Survival of this Order."** Neither Magistrate Judge Roby nor Plaintiff expressed concerns about this provision, and therefore it is adopted.

### Conclusion

The proposal submitted to the Court on August 30, 2013, not including Plaintiff's revisions, aligns with the language that Magistrate Judge Roby sought during the May 15, 2013, hearing. Plaintiff's proposed revisions are not supported by the transcript of the May 15, 2013 hearing as required by this Court's order, and are therefore overruled. Accordingly,

**IT IS HEREBY ORDERED** that Defendant submit a final protective order consistent with this order.

**NEW ORLEANS, LOUISIANA**, this  5th   day of September, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *Id.*; Plaintiff's Revisions at ¶ 18.